The Chancellor.
The defendants move to dissolve the injunction granted in this cause.
1. Because the suit has not been prosecuted with diligence, and according to the practice of the court.
The want of due diligence on the part of the complainants *82 in the prosecution of their suit is always a cause for dissolving the injunction. Grey v. The Duke of Northumberland, 17 Ves. 281; Depeyster v. Graves, 2 Johns. Ch. R. 148; Corey v. Voorhies, 1 Green’s Ch. R. 5; West v. Smith, Ibid. 309; Greenin v. Hoey, 1 Stock. 138; Lee v. Cargill, 2 Stock. 331.
The rule rests upon sound principle, and should be strictly enforced. The injunction is granted ex parte. It deprives the party enjoined of the exercise of his legal rights. It is designed to prevent irreparable or serious injury to the legal rights of the complainant until the merits of the controversy can be heard and adjusted. Every principle of justice requires that the defendant should be restrained from the exercise of his rights no longer than is essential to investigate the matter at issue. When extended further, it operates injuriously to the rights of the defendant.
In this case the bill was filed on the 11th of May. One of the subpoenas was returnable on the 25th of May, the other on the 11th of June. The answer was filed on the 28th of June, the replication on the 13th of August. No further step has been taken in the cause. It is urged that the failure of the complainant to take his testimony, and set the cause down for hearing at the present term, constitutes such want of diligence as entitles the defendant to a dissolution of the injunction. It is no argument to say that no rule to close testimony has been entered, nor that both parties are actors, and that the defendant might have taken his testimony, and set the cause down for hearing. These objections may have force upon an application to dismiss the bill for want of prosecution, but they are entitled to no weight upon the present motion. The cause was at issue two months before the first day of the present term, and it would seem that, in the exercise of due diligence, the complainant should have proceeded to take his testimony, and set the cause down for hearing. I find no case, however, that has gone so far. In Depeyster v. Graves and in Greenin v. Hoey there had been a delay of nine months on the part *83 of the complainants without taking a step in the cause. To dissolve the injunction under the circumstances might operate as a surprise upon the complainant, by the application of a more rigid rule than appears to have been adopted. This circumstance, in connection with the reasons for the delay assigned by counsel upon the argument, warrant a denial of the motion upon this ground.
2. The second ground upon which a dissolution of the injunction is asked is, that the equity of the bill is denied by the answer.
All the defendants have answered, and the answers fully deny the equity of the bill. The only question is, whether the case falls within the exceptions to the general rule that requires the injunction to be dissolved where the equity is fully denied by the answer. That there are exceptions to the general rule, and that the dissolution of the injunction, even after the equity is denied, rests, to some extent, in the sound discretion of the court, is not denied.
The principal matter in controversy is the right to the three promissory notes, amounting together, exclusive of interest, to §3429. They were the property of the complainant, and were assigned by him, on the 12th of February, 1861, to one of the defendants. The validity of the assignments is the subject of controversy. They were made under circumstances which seem to require investigation. If the case made by the bill is sustained, the assignments are void, and the notes clearly belong to the complainant. They constituted, at the time of the assignment, all he was worth. If they are lost, he is stripped of Ms entire estate. The assignment simply restrains the defendant from collecting or disposing of the notes during the controversy. The injury, or even inconvenience to the defendants, by continuing the injunction is very slight. It is not suggested that there is any danger of loss by reason of insolvency or want of responsibility on the part of the maker of the notes. On the other hand, if the injunction is dissolved, and the notes assigned or collected, the property may be placed. beyond the *84 control of the court, and be utterly lost to the complainant. The injury to him would be irreparable. ' It is clearly not a case for the dissolution of the injunction. It would be tantamount to a denial of the relief asked for. The motion is denied. Costs to abide the event of the suit.